## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **KEVIN ANDREW COULON,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **NO. 1:14-CV-0127-WLS-TQL** |
| **VS.** | **:** | |
| | **:** | |
| **SHERIFF KEVIN SPROUL,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

### ORDER

Plaintiff Kevin Andrew Coulon, a state prisoner currently confined at the Dougherty County Jail in Albany, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. He also seeks leave to proceed in this action *in forma pauperis*. Such leave is **GRANTED**, but only for the purpose of this Order, as the Court has conducted a preliminary review of Plaintiff's Complaint and finds that it fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the

complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

## PLAINTIFF'S COMPLAINT

In this action, Plaintiff alleges that, while confined at the Dougherty County Jail, he fell off a top bunk and sustained a severe back injury when he landed on a sharp pointy object on the desk below. He now seeks to recover $250,000.00 in money damages from Defendant Sheriff Sproul.

Plaintiff's Complaint, however, makes no allegations against Sheriff Sproul. It thus appears that Plaintiff seeks to hold Sheriff Sproul liable for his injuries simply because he has a supervisory role at the jail. There is, however, no *respondent superior* or vicarious liability under

§ 1983. <u>Miller v. King</u>, 384 F.3d 1248, 1261 (11th Cir. 2004).   To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.   <u>H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080, 1086-87 (11th Cir. 1986).   Plaintiff has not made any such allegations here.   He has thus failed to state a claim upon which relief may be granted.[1]

Furthermore, even if Plaintiff could allege facts to support a § 1983 claim, it is clear, on the face of the Complaint, that Plaintiff did not fully exhaust his administrative remedies prior to filing this action in federal court.   Under the Prison Litigation Reform Act of 1995 ("PLRA"), an action cannot be brought with respect to prison conditions until the prisoner has first exhausted all available administrative remedies. 42 U.S.C. § 1997e(a).   This provision generally requires that a prisoner file an administrative grievance and appeal any denial of relief through all levels of review that comprise the administrative grievance process prior to filing suit in federal court. <u>See</u> <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 (11th Cir. 2000); <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).   Exhaustion applies to all prisoners in any facility; it is mandatory; and it may not be waived by the court.   <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26 (11th Cir. 1998).   A failure to exhaust may only be excused in the rare circumstance that administrative remedies were rendered "unavailable" by the conduct of prison officials or because the inmate was not aware of the remedy and could not discover the remedy "through reasonable

---

1 Plaintiff also cannot attempt to hold the Dougherty County Jail liable for his injuries under § 1983. A county jail is not an entity capable of being sued under § 1983. <u>See</u> <u>Ansley v. Franks</u>, 2010 WL 4007626 *2 n.2 (S.D. Ga., Aug. 30, 2010) ("A . . . jail has no independent legal existence and is . . . not an entity that is subject to suit under § 1983."); <u>Allen v. Brown</u>, No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) ("the Court is not aware of any applicable precedent for recognizing a state prison as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

effort." See Goebert v. Lee County, 510 F.3d 1312, 1322 (11th Cir. 2007); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999).

In this case, Plaintiff concedes that he did not file a grievance with respect to the events giving rise to this action.   Plaintiff alleges that he was "in too much pain" to do so.   The Complaint thus shows that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court and that this failure was not caused by the conduct of prison officials or because Plaintiff was unaware of the remedies available.[2]   Plaintiff's Complaint is therefore also properly dismissed for lack of exhaustion. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008).

In reviewing Plaintiff's Complaint, the Court additionally notes that Plaintiff failed to fully disclose his litigation history despite the complaint form's specific warning that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMSSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Compl. at 2 (emphasis in original).   On his Complaint, Plaintiff states that he has not before "filed any lawsuit while incarcerated."   A review of court records on the U.S. District Web PACER Docket Report reveals, however, that Plaintiff did file a prior civil action in January of this year, Coulon v. Sperlin, 1:14-cv-0008-WLS-TQL (M.D.Ga. 2014). The complaint in that case was subsequently dismissed for failure to respond to an order of the Court.

Plaintiff's failure to disclose information about a prior lawsuit constitutes an abuse of process and further warrants dismissal of his Complaint. See Redmon v. Lake Co. Sheriff's Ofc., 414 F. App'x 221, 225-26 (11th Cir. 2011) (dismissal warranted where prisoner failed to disclose

---

2 If a prisoner is unable to file a grievance within the initial time allotted, he is required to file an out-of-time grievance and thereby still exhaust his administrative remedies prior to filing suit. See Bryant v. Rich, 530 F.3d 1368, 1378-79 (11th Cir. 2008).

previous lawsuit filed in district court).   Even if Plaintiff did not remember his prior case number

or the date of his prior lawsuit, he knew that he had filed another lawsuit in federal court earlier this

year, and he was required to disclose this fact. See Redmon, 414 F. App'x at 226.

## CONCLUSION

Plaintiff's Complaint is accordingly **DISMISSED** without prejudice for failure to state

claim, lack of exhaustion, and abuse of process.

**SO ORDERED** this    4th    day of September, 2014.


/s/ W. Louis Sands
W. Louis Sands, Judge
UNITED STATES DISTRICT COURT